## FENNEY v. THE STATE OF OHIO.

*Criminal law—Defense of insanity—Evidence—Report of physician at lunacy inquest inadmissible, when—Prior commitment to Lima State Hospital—Unnecessary to return prisoner to probate court—Section 13614, General Code—Procedure to determine sanity—Section 13608, General Code.*

1. The written report of examining physicians submitted at an inquest proceeding in the probate court adjudging a person insane, which report amounts to a finding of fact by the physicians, is not admissible in evidence upon the subsequent trial of such person under an indictment for robbery.

2. Section 13614, General Code, providing that a person under indictment who is found to be insane shall be committed to the Lima state hospital "until restored to reason" and that then the prosecuting attorney shall proceed with the trial of such person, does not contemplate the return of the prisoner to the probate court for further examination and adjudication. After commitment to the state hospital, no continuing exclusive jurisdiction remains in the probate court.

3. Upon the trial of a person under indictment for a criminal offense, the question of the mental condition of the accused at the time of the trial cannot properly be raised during the progress of the trial by introducing evidence of prior insanity. The question should be raised by the method provided in Section 13608, General Code.

(Decided July 10, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Connolly & Bradley* and *Mr. Ray Dickman,* for plaintiff in error.

*Mr. Louis H. Cappelle,* prosecuting attorney,

and *Mr. Louis Schneider,* assistant prosecuting attorney, for defendant in error.

BUCHWALTER, J. The action below was brought under an indictment for robbery. The defendant, now plaintiff in error, was tried and convicted, and to reverse that conviction error is prosecuted.

It appears from the record that the crime is alleged to have been committed February 27, 1921, and that the indictment was returned March 25, 1921. A certificate was filed with the probate court of Hamilton county, setting forth that the defendant was insane, and at an inquest held March 25, 1921, defendant was adjudged insane and committed to the State Hospital for the Insane, at Lima. Upon his release, he was returned to this county for trial upon the charge in the indictment.

The only defense was that of insanity at the time of the commission of the act.

The errors complained of are that the court erred in refusing to allow defendant to introduce in evidence the inquest in the lunacy proceedings in the probate court, and in permitting the trial to be had at a time when the defendant was insane.

The defense sought to introduce through the deputy clerk of the probate court the entry finding Fenney insane and ordering him committed to the Lima State Hospital, and also a written report of the examining physicians as to certain facts which they found in their examination, including a finding of insanity, on which finding they based their recommendation to the court at the time the order of commitment was made.

The introduction of the order of commitment was not objected to. It was introduced in evidence, and submitted to the jury. The report of the physicians, however, was not allowed to be introduced. It amounted to a finding of fact by the physicians, and is not a report of the testimony of the witnesses who were heard. It could not be competent as evidence in the hearing on the robbery charge. Both physicians who made the report and recommendation, however, were present, and testified at the robbery trial.

The case of *Wheeler* v. *State,* 34 Ohio St., 394, at 399, which is relied upon by plaintiff in error, expressly says: "The physician's certificate could not properly be admitted."

The ruling of the court in excluding the physicians' report was not erroneous.

As to the other ground of error, to-wit, permitting the trial to proceed when defendant was insane, it appears that during the trial the defendant introduced the aforesaid commitment to the hospital at Lima. This order of commitment, standing alone, it is claimed raised a presumption that the defendant was still insane, and therefore could not be tried on the robbery charge until that presumption had been removed, and that as no evidence was introduced to show that the proper proceedings had been taken to rescind the former order finding the defendant of unsound mind the trial on the robbery charge should have been dismissed.

It was further urged that the probate court, which made the finding of insanity and ordered the commitment, is the only tribunal in which proceedings could be had restoring him to reason;

that restoration to reason does not mean that he has recovered and become sane, but that the court which adjudged him insane has as a matter of record decreed that he is no longer insane.

Section 13614, General Code, reads:

"If a person under indictment appears to be insane, proceedings shall be had as provided for persons not indicted because of insanity. If such person is found to be insane he shall be committed to the Lima state hospital until restored to reason when the superintendent thereof shall notify the prosecuting attorney of the proper county who shall proceed, as provided by law, with the trial of such person under indictment."

This section does not contemplate the return of the prisoner to the probate court for further examination and adjudication. The authorities in charge of the state hospital have such jurisdiction. After commitment to a state hospital, no continuing exclusive jurisdiction remains in the probate court. By Section 1964, General Code, plenary power is granted to the officers of a state hospital for the insane to determine when a patient is restored to reason and to grant him a discharge. If after such discharge a question again arises as to his sanity, he may, by Section 1975, be again examined in the probate court, under similar proceedings to those had when he was originally found insane.

The question as to his sanity at the time of the trial could have been raised by proceedings as provided in Section 13608, General Code.

This case differs from that of *Brock* v. *State*, 22 C. C., 364, which is cited by the plaintiff in error. In that case the record disclosed that on

proper application Brock had been tried by a jury, found insane and committed. There was nothing in the record to show a restoration to reason. So that before the court proceeded to a trial on a criminal charge, the record should have shown that the defendant was no longer insane. In the instant case there was nothing in the record to show that the defendant had been adjudged insane. No objection was made to proceeding with the trial. No question of prior adjudication of insanity was before the court. The court had jurisdiction to hear the cause. It was not until the defense introduced the order of commitment of the probate court that there was anything to show prior insanity. This was introduced for the purpose of presenting some evidence tending to prove that the defendant was of unsound mind when the crime was committed.

No motion or suggestion was made that the court take any action to ascertain whether or not the defendant was insane at the time of trial. The superintendent of the hospital, the officer empowered to discharge a prisoner from the hospital, was a witness at the trial and gave testimony that the defendant was sane. The robbery was admitted. The identity of the defendant was admitted. The only issue raised by the defense was the question of the prisoner's sanity or insanity at the time of the commission of the robbery.

The question of his mental condition at the time of the trial was never properly presented to the court for determination. The General Code of Ohio provides how that question may be raised at

any time before sentence. Had it been raised, it could have been then determined.

We find no error prejudicial to the plaintiff in error.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.